17  318
52  710

ALFRED KEARNY *v.* JOHN O. NIXON, et als.

The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below. C. P. Art. 895. If, therefore, the copy of the record brought up be not duly certified by the clerk of the lower court, *as containing all the testimony adduced,* the Supreme Court can only judge of such cause on a statement of facts prepared and signed in the manner directed in the second section of the sixth chapter of the preceding title, or on a written exception to the opinion of the judge, or on a special verdict; and, in the absence of all these, it shall reject the appeal, with costs; but this is to be understood with such modifications as are contained in the following Articles. (896-7.)

A PPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. J. *Ad. Rozier* and *Whitaker, Fellowes & Mills* for defendants.

*George L. Bright for plaintiff and appellant.*—The motion to dismiss is made on the ground that the appellants have not complied with Art. 897 C. P., which provides : "The appellant who does not rely, wholly or in part, on a statement of facts, an exception to the judge's opinion, or special verdict, to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if within ten days after the record is brought up, he files in the Supreme Court a written paper, stating specially such errors as he alleges; otherwise his appeal shall be rejected."

In this cause, interrogatories were propounded to Thos. P. May & Co., garnishees. They excepted to the interrogatories and refused to answer. A rule was taken upon them by plaintiffs to show cause why it should not be decreed that they have property belonging to defendant sufficient to satisfy plaintiff's claim. The court dispensed them from answering, maintained the exceptions, and dismissed the rule.

From that judgment, on motion and on suggesting to the court that there is error in the judgment rendered on the 4th April, 1864, maintaining the exceptions of Thos. P. May & Co., and in that rendered on the 16th April, 1864, dismissing the rule taken by plaintiff against Thos. P. May & Co., an appeal was granted to this court.

If it were necessary to state the error in the judgment, it is specially stated in the motion and order granting the appeal.

But no assignment of error is necessary. No evidence whatever was offered and received in the inferior court, and the certificate of the clerk shows that the transcript is complete. An assignment of error is necessary only when the court has no means in the record of ascertaining the correctness of the decision. See the many decisions 1 Hen. Digest p. 76, No. 1. Where the appellant relies for a reversal of the judgment upon grounds apparent upon the face of the record, and the certificate of the clerk states that the transcript contains all the evidence adduced on the trial, no assignment of error is necessary. *Waters, Camden & Co.* v. *Briscoe,* 11 An. 639.

In *Wood et al.* v. *Henderson,* 2 An. 221, an exception was filed to the petition, and dismissed; the court said: "The exception having been

overruled by the court below, we are permitted to consider it and the decree of the court upon it, without a formal assignment of error. This is not such a case as is contemplated by Art. 897 of the Code of Practice.

* * * The petition, exception and judgment thereon, are fully presented by the record; and, if a mere bill of exceptions can be examined in this court without filing an assignment of error, the matter in question is certainly open to consideration without that formality.

In *Hiesland* v. *City of New Orleans*; 14 An. 137, the court said: "Considering that the case went off in the court below upon an exception to the sufficiency of the plaintiff's petition, which admitted all the allegations of fact therein contained to be true; and that in *Wood* v. *Henderson*, 2 An. 220, no assignment of errors was held necessary in this class of cases," refused to dismiss the appeal, for want of an assignment of errors.

In *Nott* v. *Brander et al.*, 14 La. 370, the court said: "In the case now under consideration, we have the certificate of the clerk, that the record contains a copy of all the proceedings, as well as of all the documents filed, and all the testimony adduced on the trial of the cause. With such a full and complete transcript before us, the appellants might well, at any time, have called our attention to any error on the face of the record. They might even have safely tried their case on its merits, without making any assignment at all.

The transcript shows the exception and rule were tried on the pleadings without any evidence.

Where a bill of exception to the ruling of the court is not necessary, we cannot conceive the necessity for an assignment of errors. The law never requires a useless thing to be done. An assignment of error is to point out the error in the record.

In *Psyche* v. *Parodel*, 6 L. 380, the court said: A bill is not necessary when the inferior court overrules an exception in writing. In *Harrison* v. *Waymouth*, 3 R. 340, the court said: A bill is only necessary where something is to be brought to the knowledge of the appellate court which would not otherwise appear on the record.

LABAUVE, J. The defendant, John O. Nixon, has filed a motion to dismiss this appeal, on the ground that the appellant has failed to comply with the provisions of Art. 897, C. P., in not filing in this court, within ten days after the filing of the transcript, a written paper stating specially such error as he may allege to be apparent on the face of the record.

This article must be taken in connection with the other two next preceding. The article 895 says: "The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matter argued or contested below." Article 896: "If therefore the copy of the record brought up be not duly certified by the clerk of the lower court, *as containing all the testimony adduced*, the Supreme Court can only judge of such cause on a statement of facts prepared and signed in the manner directed in the second section of the sixth chapter of the preceding title, or on a written exception to the opinion of the judge, or on a special verdict, and in the absence of all these, it shall reject the appeal, with costs; but this is to be understood with such modifications as are contained in the following article :

"The clerk certifies that the foregoing twenty-seven pages contain a

KEARNY
v.
NIXON, ET AL.

true, correct and complete transcript of all the documents filed, of all the evidence adduced and all the proceedings had in the suit."

This certificate is in full compliance with the first clause of said article 896 C. P., and gives this court a full *knowledge of the matters argued and contested below.*

The article 897, relied on, cannot apply when the record comes up with such a certificate as the one before us.

Motion to dismiss overruled.